# CIRCUIT COURT OF BALTIMORE CITY.

Filed December 28, 1906.

GEORGE DOBBIN PENNIMAN ET AL., RECEIVERS,
VS.
FRANK A. FURST ET AL.

SAME
VS.
HENRY A. SCHULTZ.

*Thomas Hughes* and *Clifton Doll Benson* for plaintiffs.

*William S. Bryan, Jr., William Colton* and *W. W. Parker* for defendants.

NILES, J.—

These cases were brought by the receivers of the City Banking and Trust Company, through special counsel, in accordance with an order of the Circuit Court No. 2, in order to hold the defendants named in each case responsible for losses sustained by reason of certain acts of negligence and breaches of trust in the discharge of their duties as directors of the said company.

The one bill is filed against those persons who were directors prior to January 1st, 1903, and the other bill was filed against those persons who were directors subsequent to said date.

1. To each of these bills demurrers have been filed upon various grounds, but in the judgment of the court, the bills substantially allege that the defendants, and each of them, were, during their term of office, guilty of gross negligence in their capacity as directors, and that by reason of such negligence, the company suffered damage.

This court holds that, under the decisions of our Court of Appeals in the cases cited at the argument, and in the brief furnished, each of these bills states a good cause of action in an equity court against all the defendants named therein respectively, that their averments are sufficiently definite and certain, and that they are not open to objection on the ground of being multifarious.

As to form, the bills seem to be in the form prescribed by the order authorizing their filing. The demurrers will, therefore, be overruled.

While coming to this conclusion, both from authority and from the application of general principles, it is only proper to say that the court could not fail to notice the fact that if these bills should be dismissed as against any defendant upon mere matter of form, it would be very doubtful if, to any other bill subsequently brought, such defendant could not successfully plead the Statute of Limitations, and the dismissal of these bills would, therefore, relieve any such defendant from all enforceable liability.

To these bills were also filed pleas.

The first plea sets up the non-payment by the corporation of the franchise tax. The second plea sets up, that the receivers were appointed by virtue of a State law which, being practically an insolvent law, has been suspended by the National Bankruptcy Statute. Both of these pleas were heretofore argued before Judge Stockbridge and overruled by him and will, of course, be now overruled.

The third plea sets up that, in the case wherein these receivers were appointed, a petition was filed asking leave to compromise this litigation with five of the defendants to the present bills, and on that petition, an order was passed, and on the 28th day of September, 1906, one of the receivers released these five defendants from the claims which these suits were brought to enforce, and the argument is made that each of these bills, if maintainable at all, shows a joint tort

committed by all the defendants therein, and that, therefore, a compromise with one, followed by an actual settlement, will release all from liability.

The petition, order and release are all filed as exhibits with the plea and made part thereof.

By these exhibits it appears that the receivers were authorized and directed to enter into the settlement and compromise on the terms and conditions set forth in the agreement. Among those conditions was this: "Such settlement and compromise should in no manner affect the liability of the other directors and should be subject to the rights and claims which the receivers and the City Trust and Banking Company, for which they are receivers, have against the other directors. That as the claim against them is the nature of a tort, this would in consequence be the result legally, but notwithstanding this, the settlement is made on this understanding and agreement, and your petitioners deem it necessary to set this forth herein as a condition on which said settlement is effected, and that such settlement when made, is to be made subject thereto. That the five parties who enter into such settlement do so subject to this condition, proviso and understanding and the remedy against the remainder of said directors and officers of the said City Trust and Banking Company is by the terms of said agreement expressly reserved and in no manner affected by said agreement and said agreement is made as above stated subject to and upon the proviso and condition of the reservation aforesaid, so that the claims of the receivers and of the City Trust and Banking Company shall be prosecuted, if necessary, to a decree as if no settlement had been had against said five parties, but it is expressly understood and agreed that all claims of said receivers and of said City Trust and Banking Company against said five directors, as determined by said decree and also all claims legally enforceable against said five directors by way of contribution or otherwise for their numerically proportionate parts, that is to say, proportionate to the number which these five parties bear towards the whole number of directors in consequence of the decree which said receiver of said City Trust and Banking Company may secure, or in consequence of said proceedings or otherwise, shall be extinguished by the payment of said sum of money; the agreement of settlement with said five directors to be construed as not interfering pro or con with the liability of the directors and officers of the City Trust and Banking Company, as among themselves but to provide that if, as a result of any decree or order that may be passed in said cases, the other directors or officers may be held to have a right of contribution or the like for a numerically proportionate part of said decree as above recited against said five directors then to the extent of said right of contribution or the like the settlement now made shall operate to release the other directors or officers from the liability imposed upon by them by said order, decree or settlement, and in like manner extinguish the liability of said five directors therefore; it being further understood that this agreement is to be treated as if made subsequent to such order or decree, and such adjustment of liability among the directors themselves, although the money called for by the present settlement is to be paid at once."

It is, therefore, too plain for argument that it was never the intent of the officers of the court, when they entered into this agreement, and that it was not the intent of the court in giving its sanction to the agreement, that it should operate as a discharge of the remaining defendants. Indeed, so far as language could prevent that consequence, such language has been redundantly used.

The question, then, for the court to determine is, whether it will hold that Circuit Court No. 2 entered into an agreement from which consequences follow exactly the reverse of those consequences which the court itself said should follow from it. It is the opinion of this court that it cannot so hold.

Treating the Circuit Court and the Circuit Court No. 2 as separate courts of concurrent jurisdiction, to so hold would, in the opinion of this court, be a gross violation of all rules of comity. Treating these two courts as mere branches of the Supreme Bench of Baltimore city and practically one court, to so hold would amount pretty nearly to self-stultification. The pleas will, therefore, be overruled.